IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WESLEY LAMONT MAXWELL,

       Petitioner,

v.                                   CIV  NO. 04-994 JH/ACT

JAMES JANECKA, Warden, and
PATRICIA MADRID, Attorney General
of the State of New Mexico,

       Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Respondents' Motion to Dismiss the Petition for a Writ of Habeas Corpus. (Doc. No. 10).  Petitioner has filed his Response and Objections to the Respondents' Motion.  (Doc. No. 13).

Petitioner filed his Petition under 28 U.S.C. §2254 which applies to persons in state custody who are attacking the validity of a state court conviction.  Petitioner is not arguing that his underlying conviction is invalid but is arguing that the length of his sentence he is currently serving was miscalculated and that he is entitled to a "credit" of approximately 35 months, the good time he "earned" when incarcerated in state prison from July, 1997 to June, 2000.  A claim that attacks the duration of Petitioner's confinement or the execution of the sentence is a claim that should be pursued under 28 U.S.C. §2241.  See, e.g., *United States v. Furman*, 112 F. 3d

435, 438 (10th Cir. 1997). Therefore, the Court will treat Petitioner's claim as though it were brought under §2241.

A habeas corpus claim brought under 28 U.S.C. §2241 must show a violation of the Constitution of the United States to obtain relief. The United States Magistrate Judge has reviewed the Petition, the Motion to Dismiss, the Memorandum in Support, the Response by the Petitioner, the Answer, and the accompanying Exhibits. Having found no valid claim that the execution of the sentence violates the Constitution of the United States, the Court recommends that the Motion to Dismiss be GRANTED and the Petition for a Writ of Habeas Corpus be DENIED FOR FAILURE TO STATE A CLAIM. Petitioner has also filed a Motion for Appointment of Counsel. (Doc. No. 3). The United States Magistrate Judge recommends that the Motion for Appointment of Counsel be DENIED.

## PROPOSED FINDINGS

## PROCEEDINGS AND PLEADINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a series of Judgments and Orders of the Second Judicial District Court, County of Bernalillo, State of New Mexico in cases Nos. CR 97-02266 and 97-00672. (Answer, Exhibits U, Y, and EE). Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner has a long history of proceedings prior to this Petition for the Writ of Habeas Corpus. (Answer, Exhibits A - GGG). In a prior opinion issued by this Court, in response to Petitioner's first federal Petition for the Writ of Habeas Corpus, Maxwell v. Snedeker, Civ 03-661 MCA/KBM, the Court reviewed the background of this case. In a well organized opinion,

the Magistrate Judge broke the previous proceedings into three phases.

The first phase began in 1997 when Petitioner entered no contest pleas to charges of burglary, robbery, battery and trafficking narcotics. Petitioner was sentenced to a total term of eighteen years and began serving his sentence. After Petitioner brought a motion to vacate his sentence and pursued a petition for habeas corpus in the state courts, the Supreme Court of New Mexico granted Petitioner relief because Petitioner had been denied his right of allocution prior to his sentencing. The Supreme Court of New Mexico ordered Petitioner to be re-sentenced by a different district court judge.

The second phase of Petitioner's sentencing history began on June 30, 2000. The Petitioner was sentenced by District Court Judge Angela Jewell to eighteen years but this time the District Court Judge suspended his sentence. Petitioner was placed on probation, scheduled to end on October 23, 2002. In the Judgment, entitled Second Amended Judgment and Sentence, the District Court Judge ordered that "Defendant, if imprisoned at any time pursuant to the above conviction, shall be given credit for pre-sentence confinement of Two (2) years and 197 days". (Answer, Exhibit U).

Within six months of his release on probation, the State reported that Petitioner had violated his probation. An arrest warrant was issued and Petitioner, who was a fugitive at the time, was eventually arrested. On April 24, 2001, the District Court Judge entered an Order and Commitment Revoking Probation. (Answer, Exhibit Y). The District Court Judge revoked Petitioner's probation, imposed the eighteen year sentence, gave credit for the pre-sentence confinement of two years and 197 days, and gave credit for the days served on probation when Petitioner had not absconded. The Court calculated the remaining time to be served on the

3

eighteen year sentence to be 5465 days.  (Answer, Exhibit Y ).  The Court then suspended 5405

days of the sentence, ordered Petitioner to serve 60 days, to be followed by a 660 day term of

supervised probation.  The probation was to begin on May 17, 2001 and end on March 8, 2003.

(Answer, Exhibits Y and AA).

The third phase of Petitioner's sentencing story began on June 26, 2001, when the Court

received another Probation Violation Report.  Apparently, Petitioner had been arrested a few days

earlier for the crimes of robbery and larceny.  A probation revocation hearing was held on July 24,

2002 at which Petitioner was represented by counsel.  The District Court Judge revoked

probation and reinstated the original eighteen year sentence.  The Court, after crediting

Petitioner's pre-sentence confinement of 1091 days from July 5, 1997 to June 30, 2000, his time

served on probation the first time, his time served on probation the second time, and his time

served between the arrest in June, 2001 and the probation revocation hearing on July 24, 2002,

found that Petitioner had 4754 days left to serve on the original eighteen year sentence. The Order

and Commitment was filed of record August 15, 2002. (Answer, Exhibit EE).  Petitioner is

currently incarcerated and is serving the remainder of the original eighteen year sentence.

3.  Petitioner filed motions to correct his sentence putting forth various arguments that

were rejected by the New Mexico District Courts and the Supreme Court of New Mexico.

Eventually, Petitioner filed a Petition for the Writ of Habeas Corpus which he pursued through

the state courts and federal court.  The Petition was denied on the merits at every level. (Answer,

Exhibits II - XX).  Petitioner has dropped all but one of those earlier arguments in the present

Petition.  The present Petition for the Writ of Habeas Corpus has been pursued through the state

courts and has been denied at every level. (Answer, Exhibits YY - GGG).

4

4.  Petitioner has raised one issue in the present Petition - that he has been unfairly denied the good time credit he earned when he was incarcerated from July 5, 1997 to June 30, 2000.

CLAIM DOES NOT STATE A VIOLATION OF THE U.S. CONSTITUTION

5.  The federal statute governing applications for a writ of habeas corpus brought under 28 U.S.C. §2241 states,

> (c) The writ of habeas corpus shall not extend to a prisoner unless —  ...
>    (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

6.  The   Petitioner is arguing that he has been unfairly denied his good time credit earned under NMSA §33-2-34(A)[1].  He argues that the state courts below have misinterpreted the statute and regulations governing good time credits and have wrongfully denied him his good time credit. He asks this Court to hold that the state courts below wrongfully interpreted New Mexico statutes.  As relief, he asks this Court to award him good time or meritorious credit of almost 35 months earned between 1997 and 2000 and to modify his sentence accordingly.

7.  This Court's inquiry is restricted to a review of a claim by the Petitioner that he is in custody in violation of  the Constitution of the United States.  *Estelle v. McGuire*, 502 U.S. 62, 67-68  (1991). A claim that New Mexico courts misinterpreted New Mexico law is not grounds for habeas relief.  *Morris v. Burnett*, 319 F. 3d 1254, 1268 (10th Cir. 2003); *Scrivener v. Tansy*, 68 F. 3d 1234, 1238 (10th Cir. 1995), *cert. denied*, 516 U.S. 1178 (1996).

---

[1] The New Mexico statute under which Petitioner argues he earned his good time credits was repealed on July 1, 1999 and replaced by a more restrictive statute that limits the amount of good time credit that can be earned by inmates convicted of serious violent offenses.  However the newer version of NMSA §33-2-34 applies only to convictions resulting from crimes committed after July 1, 1999.  The crimes to which Petitioner pled no contest occurred in 1997.

8.   Moreover, there is no evidence in the record that the New Mexico courts below misinterpreted the relevant state statutes or regulations. The District Court Judge who sentenced Petitioner in the second phase of this sentencing history classified the time Petitioner had spent in state prison prior to the new sentencing in July, 2000 as "pre-sentence" time and noted that if Petitioner were incarcerated again due of a probation violation, he would be given a credit for this "pre-sentence" time.  (Answer, Exhibit U).  This was in accordance with NMSA § 31-20-12 (1978) which requires that a convicted felon be given credit for the time served in pre-sentence confinement "against any sentence finally imposed for that offense."

NMSA § 31-20-12 (1978) does not allow good time credit to be earned when a felon is incarcerated in pre-sentence confinement. *State v. Aqui*, 104 N.M. 345, 721 P.2d 771 (1986), *cert. denied*, 479 U.S. 917 (1986), rev'd in part on other grounds by *Brooks v. Shanks*,  118 N.M. 716, 885 P.2d 637 (1994).  The New Mexico courts have specifically rejected the Petitioner's argument that this statutory scheme subjects a prisoner to double jeopardy, *Enright v. State*, 104 N.M. 672, 726 P.2d 349 (1986), or that it offends the equal protection and due process guarantees of the New Mexico and United States Constitutions.  *Id.*

9.   The courts below consistently treated the time served by Petitioner prior to June 30, 2000 as pre-sentence time.  District Court Judge Jewell wrote in her Order denying Petitioner First Petition for the Writ of Habeas Corpus, "[t]he Order & Commitment entered by Judge Knowles on 8/15/02 accurately reflects all pre-sentence confinement time and time served on probation."  (Answer, Exhibit JJ).

10.  The Court recommends that the Petition for the Writ of Habeas Corpus be denied for failure to state a claim because the Petition does not state a valid claim that the execution of his

sentence and the failure of the courts below to credit his sentence with the alleged good time credits violates the Constitution of the United States.

## CLAIM IS BARRED AS A SECOND OR SUCCESSIVE PETITION

10. Petitioner filed his first Petition for a Writ of Habeas Corpus in the United States District Court on June 2, 2003 as *Maxwell v. Snedeker*, Civ. No. 03-0661 MCA/KBM pursuant to 28 U.S.C. §2241. In that Petition, Petitioner raised claims of ineffective counsel, double jeopardy, due process, and equal protection arising from the computation of his sentence. While that petition contained additional claims, one of the claims raised is identical to the claim raised in this petition - that Petitioner was unfairly denied his good time credit that he earned while he was incarcerated from 1997 to June 30, 2000. (Answer, Exhibit QQ). The present Petition is a second or successive Petition because it contains the same claim raised in Petitioner's first federal Petition for the Writ of Habeas Corpus.

11. Before the Petitioner may file a second or successive Petition for the Writ of Habeas Corpus, 28 U.S.C. §2244(b)(3)(A) requires that the "applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner failed to obtain such an order before filing this Petition.

12. Therefore, the Court also recommends that the Petition for the Writ of Habeas Corpus on this issue be denied because it is an unauthorized second or successive application under 28 U.S.C. §2244(b)(3)(A).

<u>REQUEST FOR APPOINTMENT OF COUNSEL</u>

13. Petitioner has also requested that the Court appoint him counsel. (Doc. No. 3).

14. The Court considers several factors when considering whether to appoint counsel - "the merits of the litigant's claims, the nature of the factual issues raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F. 3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).

15. Petitioner was represented by counsel when he entered his no contest plea, when he was originally sentenced on November 18, 1997, during his successful petition to the Supreme Court of New Mexico on the issue of allocution, on his unsuccessful Motion to Permit Withdrawal of his Plea, at his re-sentencing on June 30, 2000, at his Order and Commitment on his first probation violation, and at his Order and Commitment on his second probation violation. Petitioner has represented himself during his habeas corpus proceedings in state and federal court.

16. Petitioner has been able to reasonably present his claim and supporting facts to this Court in his Petition for the Writ of Habeas Corpus. The claim presented is straightforward and has been previously presented to the state courts below so the Court has benefit of those pleadings as well.

17. The Court has reviewed the posture and merits of the Petition and recommends that the Petition for the Writ of Habeas Corpus be denied for failure to state a claim as an unauthorized second or successive petition. The assistance of counsel for the Petitioner would not have materially altered the analysis of the Court or altered its recommendation.

18. The Court finds that the Petitioner has been able to present his case adequately

8

without benefit of counsel and the appointment of counsel for the Petitioner would not have assisted the Court.  Therefore, the Court recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.


CONCLUSION

The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED FOR FAILURE TO STATE A CLAIM and that the Respondent's Motion to Dismiss the Petitioner's Application be GRANTED.  The Court also recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.


NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE