IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WESLEY L. MAXWELL,

       Petitioner,

v.                                                            No. CIV-04-0994 JH/ACT

MICHAEL MARTIN, WARDEN, et al.

       Respondents.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Petitioner's petition to properly calculate credits against his sentence (Doc. 20), construed herein as a motion to reopen (the "motion"). The Court analyses a motion to reopen according to the standards applicable to a motion under Fed. R. Civ. P. 60(b). *See Burns v. C.I.A.*, No. 93-5153, 1994 WL 36770, at **1 (10th Cir. 1994); *Jennings v. Rivers*, 394 F.3d 850, 855 and n.4, 856 (10th Cir. 2005) (discussing standards).

       The Court dismissed Petitioner's habeas corpus petition. The Court of Appeals for the Tenth Circuit denied Petitioner's request for certificate of appealability and dismissed his appeal. *See Maxwell v. Janecka*, 191 F. App'x 717, 718 (10th Cir. 2006). And although dismissal does not constitute affirmance, "we are convinced that Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations." *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America*, 962 F.2d 1528, 1534 (10th Cir. 1992). "Following appellate disposition, . . . the judgment is no longer subject to district court amendment beyond the ministerial dictates of the mandate, which encompasses the full scope of jurisdictional power granted to the district court on remand." *Id*. at 1534; *and cf. Ramey Const. Co., Inc. v. Apache Tribe of Mescalero Reservation*, 673 F.2d 315, 318 (10th Cir. 1982)

(jurisdictional issue may be reconsidered on remand). Here, there was no remand and the mandate contained no ministerial dictates.

Even though there was no remand from Petitioner's appeal, he alleges that the Tenth Circuit asked the New Mexico Attorney General to review the State's execution of his sentence. Assuming the truth of this allegation for purposes of this order, this Court nonetheless is constrained by the Tenth Circuit's ruling. *Colorado Interstate Gas*, 962 F.2d at 1534; *Ramey*, 673 F.2d at 318. Because there was no remand or ministerial dictate, *see Maxwell*, 191 F. App'x at 718, this Court may not reexamine Petitioner's claims. Petitioner's motion will be denied, and, because the case is closed, Petitioner's motion for summary judgment will be denied for lack of jurisdiction.

IT IS THEREFORE ORDERED that Petitioner's petition to properly calculate credits against his sentence (Doc. 20), construed herein as a motion to reopen, is DENIED; and Petitioner's motion for summary judgment (Doc. 22) is DENIED for lack of jurisdiction.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE